UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| IN RE:<br><br>DANNY ALLEN WILDER,<br><br>Debtor. | BK CASE NO. 19-22356-SMG<br>CHAPTER 7 |

**EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY WITH
<u>2-YEARS PROSPECTIVE RELIEF</u>**
Re: 2512 SE 13 Ct., Pompano Beach, FL 33062

---

**EMERGENCY HEARING REQUESTED PURSUANT TO LOCAL RULE 9075-1**

On <u>October 31, 2019</u>, an Order Setting Deadline for Debtor to File All Missing Schedules and Documents was entered by the Court. Pursuant to the docket, it does not appear that Debtor filed his missing Schedules. Because Debtor's Chapter 7 Bankruptcy could dismiss at any time, Creditor seeks an immediate hearing on this Motion for Relief from Automatic Stay with 2-Years Prospective Relief.

---

Ajax Mortgage Loan Trust 2019-E, Mortgage-Backed Securities, Series 2019-E, by U.S. Bank National Association, as Indenture Trustee ("**Creditor**") files this Motion for Prospective Relief from the Automatic Stay under 11 U.S.C. §362(d)(4) and Bankruptcy Rule 4001-1(2) for a two (2) year period as to any future filings related to this property and states as follows:

1. Creditor is a secured creditor holding a mortgage secured by real property owned by the Debtor located at:

    LOT 21, IN BLOCK 1, OF POMPANO ISLES, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 27, PAGE 15, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

    *aka* 2512 SE 13 Ct., Pompano Beach, FL 33062 (the "**Property**").

**Factual Background**

2. On November 1, 2012, a Verified Complaint for Foreclosure of Mortgage was filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida in Case Number CACE-12-30851 against Danny Allen Wilder ("**Debtor**") and Donna F. Wilder ("**Wilder**") [collectively the "**Bad Actors**"] based on a default of the Note and Mortgage.

3. On August 9, 2017, Final Judgment of Foreclosure was entered in favor of Creditor's predecessor in interest setting a sale date of July 13, 2016. Final Judgment of Foreclosure was entered after non-payment since **2006** and vexatious state court litigation. The Final Judgment of Foreclosure is attached hereto as Exhibit "**A**". The Judgment amount was $1,032,836.69.

4. Creditor acquired this loan through a purchase agreement with Creditor's predecessor in interest. An Assignment of Judgment has been prepared, but is awaiting recordation until relief from stay is granted. *See executed Assignment of Judgment* Exhibit "**B**"

5. The market value of the Property pursuant to the Broward County Property Appraiser is $594,620.00. *See* Exhibit "**C**".

6. The Bad Actors have taken *every effort* to intentionally stall the mortgage foreclosure and frustrate Creditor by filing strategically planned, successive and fraudulent bankruptcies to purposely hinder and delay Creditor, and costing Creditor thousands of dollars, man power and effort. Between the two bad actors, **eight bankruptcies** have been filed to stall the foreclosure action since 2014!

7. The Bad Actors caused **three foreclosure trials to cancel**, **three sales to outright cancel**, and **interfered with two other sales** all based on their strategically filed and successive bankruptcies.

8. **THREE** foreclosure sales and **THREE** trials have been cancelled as a result of the Bad Actors abusive bankruptcy filings- this is an outrageous waste of judicial resources and a storybook example of abusive bankruptcy practices and bad faith filings.

(a) **Bankruptcy 1:** On November 16, 2015, Wilder filed the first bankruptcy action during the pending foreclosure under Case No.: 15-30094-RBR. Bankruptcy 1 was filed the **same day as the scheduled foreclosure trial**. On January 6, 2016, the case was **dismissed for abuse with 180-days prejudice** for failure to cure deficiencies.

(b) **Bankruptcy 2:** On March 18, 2016, Debtor filed the second bankruptcy action during the pending foreclosure under Case No.: 16-13872-RBR. Bankruptcy 2 was filed **three days before the second scheduled foreclosure trial**. On May 13, 2016, this case was **dismissed with prejudice for two years**.

(c) **Bankruptcy 3:** On February 14, 2017, Wilder filed the third bankruptcy action during the pending foreclosure under Case No.: 17-11765-JKO. Bankruptcy 3 was filed **the day before the third scheduled foreclosure trial**. On March 6, 2017, the case was **dismissed with 180-days prejudice** for failure to cure deficiencies.

(d) **Bankruptcy 4:** On January 30, 2018, Wilder filed the fourth bankruptcy action during the pending foreclosure under Case No.: 18-11115-JKO. Bankruptcy 4 was filed **the day after an Order Denying Motion to Cancel Foreclosure Sale was entered**. On April 3, 2018, the case was **dismissed with 180-days prejudice**.

(e) **Bankruptcy 5:** On July 5, 2018, Wilder filed the fifth bankruptcy action during the pending foreclosure under Case No.: 18-18153. Bankruptcy 5 was filed **the day that the first foreclosure sale was scheduled to take place**. On August 13,

2018, the case was **dismissed with 180-days prejudice** because the Debtor was prohibited from filing bankruptcy for a period of time that had not yet expired due to the dismissal under Case No.: 18-11115-JKO.

(f) **Bankruptcy 6:** On October 23, 2018, Debtor filed the sixth bankruptcy action during the pending foreclosure under Case No.: 18-23101-RBR. Bankruptcy 6 was filed **the same day the second scheduled foreclosure sale was rescheduled to occur**. On November 17, 2018, the case **dismissed with 180-days prejudice** for failure to cure deficiencies.

(g) **Bankruptcy 7:** On March 5, 2019, Wilder filed the seventh bankruptcy action during the pending foreclosure under Case No.: 19-12897-RBR. Bankruptcy 7 was filed **the same day the third scheduled foreclosure sale was rescheduled to occur**. On March 26, 2018, the case was **dismissed with 180-days prejudice** for failure to cure deficiencies.

(h) **Bankruptcy 8:** On September 17, 2019, Debtor filed the eighth and current bankruptcy action under Case No.: 19-22356-SMG (the "**current bankruptcy**"). On October 31, 2019, an Order Setting Deadline for Debtor to File All Missing Schedules and Documents was filed requiring completion on or before November 15, 2019 ("**this Court's Order**"). Debtor **failed to comply with this Court's Order.**

4

**The Law**

9. Prospective relief for a period of two (2) years should be granted based on the Debtor's scheme to delay, hinder and defraud Creditor based on the multiple bankruptcy filings affecting the subject property pursuant to § 362(d)(4).

10. A creditor is entitled to relief from stay under §362(d)(1) for "cause". Whether cause exists to lift the stay must be determined on a case by case basis based on the totality of the circumstances in each particular case." *In re Mack*, 347 B.R. 911, 915 (Bankr. M. D. Fla. 2006). The totality of the circumstances includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith. *Id.* (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986)).

11. Cause also exists under §362(d)(1) as a result of the Debtor's continued use of the Property without adequate protection. *In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994) (noting that lack of adequate protection is a typical basis for granting relief from stay for cause).

12. The purpose of this statutory provision of prospective relief is to prevent abuse by bad faith filers. *See In re Maude H. Henderson & Daniel S. Henderson, IV Irrevocable Tr.*, 395 B.R. 893, 901-02 (Bankr. D.S.C. 2008). Courts have considered the following non-exclusive list of factors when determining whether prospective relief is appropriate: 1) Strategic filing of bankruptcy petitions to prevent collection; 2) Multiple bankruptcy petitions by multiple parties to protect common property; 3) Lack of evidence of changed circumstances between filings; and 4) Inability to fund a plan. *Id*.

## Argument

13. The Bad Actors have set out on a clear and strategic path to scheme, delay, hinder and defraud Creditor based on the **eight** bankruptcy filings causing **three** foreclosure sales to cancel.

14. **The Bad Actors have filed multiple, calculated, bad faith filings to pervert the bankruptcy system intended for true hardship.**

15. The Bad Actors have failed to provide any sort of adequate protection and continue to enjoy the Property without paying taxes, without paying insurance and without making any mortgage payments whatsoever- years after the Final Judgment of Foreclosure.

16. It is unjust and shocking that the Bad Actors have succeeded in delaying three foreclosure trials and three foreclosure sales.

17. The Bad Actors fail to show any change of circumstances between filings and *never* file schedules to show financial circumstances for a Creditor to determine what the financial circumstances are because the Bad Actors' only intent is to delay the foreclosure sale and not actually file a workable bankruptcy.

18. Debtor fails to pay taxes and insurance for the Property and Creditor has had to outlay **$197,085.58** in taxes and insurance to protect its collateral.

19. The Bad Actors' carefully and planned strategic bankruptcy filings, which were filed with a clear intent to put the foreclosure action at a complete hiatus, show an egregious pattern of conduct of malfeasance and a clear, systemic abuse of the bankruptcy system.

WHEREFORE, Creditor requests that the Court:

(a) Grant Relief from the Automatic Stay as it pertains to the Property with a prospective period of two (2) years as to any filer and with a waiver of the 14-day automatic stay;

(b) Award fees and costs for the filing of this Motion in the amount of $831; and

(c) Grant any such other relief as this Court deems just and proper.

/s/ *Allison D. Thompson*
Allison D. Thompson
athompson@solomonlaw.com
Florida Bar No. 0036981
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)

## Certificate of Service

I certify that a copy of the foregoing has been furnished by CM/ECF or United States mail on January 7, 2019, to:

Danny Allen Wilder
2512 SE 13 Ct.
Pompano Beach, FL 33062
**Debtor – *Pro-Se***

Kenneth A. Welt
8201 Peters Road, Suite 1000
Plantation, FL 33324
**Chapter 7 Trustee**

Office of the United States Trustee
51 S. W. 1st Ave., Suite 1204
Miami, FL 33130
**U.S. Trustee**

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 0036981

4821-8290-6031, v. 1

7